Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

156

| Name of Assigned Judge or Magistrate Judge | Charles Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2290 | **DATE** | 9/9/2003 |
| **CASE TITLE** | Feigl, et al. vs. Ecolab, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefl of the motion being presented.]

Defendant's Motion to Dismiss Plaintiffs' Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Before the court is Defendant Ecolab, Inc.'s Motion to Dismiss Pl Complaint [3-1] brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons s the attached order, Defendant's motion [3-1] is granted. Plaintiffs' Complaint is dismiss prejudice. (See attached order.)

*Charles R. Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Docu Num |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 11 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | 03 SEP 10 PM 4:57 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN FEIGL, DON BERMUDEZ, JOHN )
CORCORAN, ANTHONY FAVERO, JOHN )
GURA, LAVERN HAMENDE, DONNA )
JOHNSON, DOW JOHNSON, PATRICK )
MAGEE, DONALD PANTOL, CHARLES )
SCHMIDT, MARTIN SWART, JESSE ) NO. 03 C 2290
TAGLE, ROBERT TAIT, and ROBERT )
WIERDAR, )
) HON. CHARLES R. NORGLE
    Plaintiffs, )
)
    v. )
)
ECOLAB, INC., )
)
    Defendant. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge.

Before the court is Defendant's Motion to Dismiss Plaintiffs' Complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is granted.

## INTRODUCTION

Plaintiffs are current employees of Ecolab, Inc. ("Ecolab") who were over the age of 40 but under the age of 50 as of March 1, 2002. Prior to March 1, 2002, Ecolab's Post-Retirement Benefit Plan ("Former Plan") provided that Ecolab would pay a premium subsidy for retiree medical coverage based on the retiree's years of active service with the company. Effective March 1, 2002, Ecolab enacted a new Post-Retirement Benefit Plan ("New Plan") eliminating the retiree medical

1

coverage premium subsidy for all employees except for two "grandfathered" groups. The first "grandfathered" group consists of employees who either: (1) retired from Ecolab on or before June 30, 1993 and were participating in the Post-Retirement Benefit Plan at that time; or (2) were employed by Ecolab on June 30, 1993 and met one of the following conditions: (i) were at least 65 years of age or at least 55 years of age with ten or more years of eligibility service; or (ii) the sum of each of the employees' ages and years of eligibility service was at least 70 years. The second "grandfathered" group consists of employees who, as of February 28, 2002, were at least 50 years of age and had completed five or more years of eligibility service. See Def.'s Mot. to Dismiss, at 3. The New Plan excludes Plaintiffs from both "grandfathered" groups. Thus, under the New Plan, Plaintiffs are not eligible to receive subsidized medical coverage upon retirement.

After Ecolab effectuated the New Plan, Plaintiffs individually filed charges with the United States Equal Employment Opportunity Commission ("EEOC") alleging age discrimination. Between January 6, 2002 and January 30, 2003, after conducting its investigation and failing to conclude that Ecolab violated any statutes, the EEOC issued Plaintiffs Right to Sue notices.

On April 2, 2003, Plaintiffs filed a two-count complaint before this court alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). Specifically, Count I of Plaintiffs' Complaint states that Ecolab unlawfully discriminated against Plaintiffs on the basis of their age when it effectuated the New Plan. Compl. ¶ 16. Count II of Plaintiffs' Complaint seeks, *inter alia*, a declaration pursuant to the Declaratory Judgment Act that Plaintiffs have standing to bring this action at this time, or, in the alternative, a

declaration as to when Plaintiffs will have standing to bring this action.[1] Compl. ¶¶ 23, 24. On June 17, 2003, Ecolab filed its Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion is fully briefed and now before the court.

## II. DISCUSSION

When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Autry v. Northwest Prem. Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998); it does not decide whether the plaintiff has a winning claim. Herdrich v. Pegram, M.D., 154 F.3d 362, 369 (7th Cir. 1998); see also McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing Leatherman v. Tarrant County, 507 U.S. 163 (1993) and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory...."). Thus, "[a] complaint should not be dismissed for failure to a state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999) (citations and internal quotation marks omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Id. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. All well-pleaded facts are accepted as true, and all

---

[1] Because the court dismisses Plaintiffs' age discrimination claims pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' request for relief under the Declaratory Judgment Act is moot.

reasonable inferences are drawn in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 977-78 (7th Cir. 1999).

As a general rule, the court must consider only the allegations made on the face of the complaint when ruling on a motion to dismiss. See Fed. R. Civ. P. 12(b)(6). This includes documents the plaintiff has attached to the complaint. See Fed. R. Civ. P. 10(c). If matters outside the pleadings are placed before the district court, the court must convert the defendant's 12(b)(6) motion into a motion for summary judgment under Fed. R. Civ. P. 56. See Carter v. Stanton, 405 U.S. 669, 671 (1972); see also Venture Assoc. Corp. v. Zenith Data Sys.Corp., 987 F.2d 429, 431 (7th Cir. 1993). As an exception to the general rule, the Seventh Circuit has held that documents attached to a motion to dismiss are considered to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. See id. at 431-32; see also Wright v. Associated Ins. Co., Inc., 29 F.3d 1244, 1248 (7th Cir. 1994). Although the plaintiff is under no obligation to attach documents relating to her claim, a defendant may introduce certain documents if the plaintiff has failed to do so. Venture Assoc. Corp., 987 F.2d at 431. "Such documents may be considered by a district court in ruling on the motion to dismiss." Wright, 29 F. 3d at 1248. With these principles in mind, the court examines Ecolab's motion.

Plaintiffs' Complaint alleges that by effectuating the New Plan, Ecolab limited the level of benefits provided to Plaintiffs on the basis of their age--thus having a discriminatory impact on Plaintiffs in violation of the ADEA. Compl. ¶¶ 13, 14. Although the complaint does not specify how the New Plan discriminates against Plaintiffs on the basis of age, the New Plan's Summary Plan Description ("SPD") and Plaintiffs' EEOC filings show that Plaintiffs claim that the New Plan treats

4

workers over the age of 50 more favorably than Plaintiffs.[2] Ecolab argues that Plaintiffs' Complaint fails to state a claim of unlawful age discrimination because reverse discrimination claims[3] and disparate impact claims are not actionable under the ADEA. See Def.'s Mot. to Dismiss, at 6.

Ecolab relies on Hamilton v. CaterPillar, Inc., 966 F.2d 1226 (7th Cir. 1992), as controlling authority prohibiting Plaintiffs' claim under the ADEA. In Hamilton, the defendant established a Special Early Retirement Program when it decided to close several of its plants. Hamilton, 966 F.2d at 1227. The Program extended early retirement benefits to workers who were at least 50 years of age with 10 or more years of service. Id. Plaintiffs, who were between the ages of 40 and 50 with 10 or more years of service, brought suit claiming that defendant's Special Early Retirement Program violated the ADEA. Id. The Seventh Circuit classified the plaintiffs' claim as one of "reverse age discrimination" and held that the "ADEA does not provide a remedy for reverse age discrimination." Id. at 1228. The court reasoned that age discrimination is different than sex or race discrimination in that age discrimination does not cut both ways. Id. at 1227. The court stated that "[t]here is nothing to suggest that Congress believed age to be the equal of youth in the sense that the races and

---

[2]Because the SPD and EEOC complaints are referred to in Plaintiffs' Complaint and are central to their claim, the court can consider these documents without having to convert Ecolab's motion to dismiss to a motion for summary judgment. See Venture Assoc. Corp., 987 F.2d at 431-32; see also Wright, 29 F.3d at 1248.

[3]Ecolab interprets Plaintiffs Complaint as one making a claim of "reverse age discrimination." See Def.'s Mot. to Dismiss, at 6. Plaintiffs deny that they are making a claim of "reverse age discrimination" and argue that the Complaint only states that Ecolab "imposed a limit on the level of benefits provided to Plaintiff[s] on the basis of their age," and Ecolab's conduct "resulted in a discriminatory impact on Plaintiffs." See Pls.' Resp. to Def.'s Mot. to Dismiss, at 4 (quoting Compl. ¶¶ 13, 14). Regardless of whether the court actually perceives Plaintiffs' claim as one of "reverse age discrimination," the fact remains that Plaintiffs claim Ecolab unlawfully discriminated against them when it enacted the New Plan providing a retiree medical premium subsidy to employees who were at least 50 years of age and had completed five or more years of eligibility service and denying this same benefit to Plaintiffs.

sexes are deemed to be equal." Id. Additionally, the court expressed that this decision is consistent with its earlier decision opining that the ADEA "does not protect the young as well as the old, or even, we think, the younger against the older." Id. (quoting Karlen v. City Colleges of Chicago, 837 F.2d 314, 318 (7th Cir. 1988)).

Plaintiffs argue that Hamilton is distinguishable from their case in two respects. First, Plaintiffs argue that unlike the plaintiffs in Hamilton, Plaintiffs in this case were denied a right to which they were previously entitled--the right to receive the retiree's medical premium subsidy. The court rejects this argument because although Plaintiffs may have been eligible for the premium subsidy under the Former Plan upon reaching a certain age in the future, they fail to persuade the court that they were entitled to this right. See Bidlack v. Wheelabrator Corp., 993 F.2d 603, 604 (7th Cir. 1993) ("ERISA does not require the vesting of health or 'welfare' benefits, as it does pension benefits.") (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91 (1983)). Second, Plaintiffs argue that Hamilton involved a plant closing, thus distinguishing it from the present action. Although correct, Plaintiffs fail to develop this argument and explain how this distinction requires a different outcome than that reached in Hamilton. Thus, the court need not consider the argument. See United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) ("arguments that are not adequately developed or supported are waived"). Ultimately, the Hamilton court concluded that although the plaintiffs are within the protected class, an ADEA claim is not actionable where the plaintiffs allege they were treated less favorably than those who are older than the plaintiffs. Hamilton, 966 F.2d at 1227. This is exactly the claim Plaintiffs are making in this case. By claiming that the New Plan treats employees over 50 more favorably than those between the ages of 40 and 50, Plaintiffs have failed to state a claim under the ADEA. See id. at 1228.

Finally, Plaintiffs move for the court to stay all proceedings pending the decision by the United States Supreme Court in the matter of Cline v. General Dynamics Land Systems, 296 F.3d 466 (6th Cir. 2002), *cert. granted*, --U.S.--, 123 S.Ct. 1786 (2003). In Cline, the Sixth Circuit rejected the Seventh Circuit's holding in Hamilton and held that the ADEA is not limited to discrimination cases in which the comparator is younger than the plaintiff. Cline, 296 F.3d at 469-72. Because the United States Supreme Court is expected to decide the issue, Plaintiffs argue that the court should "stay these proceedings to prevent unnecessary motion practice and discovery." See Pls.' Resp. to Def.'s Mot. to Dismiss, at 2. The court rejects Plaintiffs' position for two reasons. First, the law in the Seventh Circuit is clear that ADEA does not provide a claim of age discrimination where the employer treats older workers more favorably than younger workers. See Hamilton, 966 F.2d at 1227. Finding no case law to the contrary in this circuit, the court finds that the interest of justice requires a decision based on the laws in place at the time Ecolab effectuated the New Plan. Second, although the United States Supreme Court has never directly decided the issue, Cline is inconsistent with the Court's interpretation of the purpose behind the ADEA. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311 (1996) (emphasizing "the fact that a replacement is *substantially younger* is a far more reliable indicator of age discrimination than the fact that the plaintiff was replaced by someone outside the protected class.") (emphasis added); see also Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993) (noting that Congress enacted the ADEA because of its concern that "older workers were being deprived of employment on the basis of inaccurate and stigmatizing stereotypes.") (citing EEOC v. Wyoming, 460 U.S. 226 (1983)). Therefore, it is unlikely that a stay of these proceedings pending a decision by the United States Supreme Court in Cline will change the outcome of this case.

7

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 9-9-03